**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

JUAN JOSE RAMIREZ-FLORES, a/k/a
Raul Alfredo Ramirez-Del Rio,
           *Defendant-Appellant.*

No. 01-4788

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-00-375)

Submitted: June 13, 2002

Decided: June 21, 2002

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Anna Mills Wagoner, United States Attorney,
Arnold L. Husser, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Juan Jose Ramirez-Flores appeals his ninety month sentence imposed pursuant to his conviction upon a guilty plea to one count of illegal re-entry after deportation for an aggravated felony in violation of 8 U.S.C.A. §§ 1362(a) & (b)(2). (West Supp. 2001). Ramirez-Flores' counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one possible sentencing issue on appeal but stating that, in her view, there are no meritorious issues for appeal. Ramirez-Flores was informed of his right to file a pro se supplemental brief but has failed to do so.

At sentencing Ramirez-Flores requested a shorter sentence because his rather lengthy criminal record was the result of his drug and alcohol addictions rather than malice. The court considered this ground but elected not to depart, and chose to sentence him in approximately the middle of the applicable guideline range. Where the sentencing court was aware of its authority to depart and simply declined to do so, we lack authority to review its decision. *See United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). We further lack the authority to review sentencing within the applicable guideline range if no error is alleged in the calculation of that range. 18 U.S.C.A. § 3742 (West Supp. 2001); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ramirez-Flores' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*